**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CYCLE LEE TYLER,

　　　　Petitioner-Appellant,

v.

MICHAEL ARELLANO, Warden,
and JOHN W. SUTHERS, Attorney
General for the State of Colorado,

　　　　Respondents-Appellees.

No. 11-1101
(D.C. No. 1:08-CV-01368-CMA)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

In 1998, a Colorado state court convicted Cycle Lee Tyler of attempted

second degree murder and second degree assault with a deadly weapon. Mr.

Tyler appealed this decision and, when that appeal was denied in 2001, he sought

relief under Colorado's post-conviction review procedures. After his final post-

conviction appeal was denied in 2007, Mr. Tyler turned to the federal courts,

filing a petition for relief under 28 U.S.C. § 2254 asserting thirty-three separate

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claims for relief, each of which proved unsuccessful. The district court also denied Mr. Tyler a certificate of appealability ("COA") and it is Mr. Tyler's renewed request for a COA that is now before us. Reviewing Mr. Tyler's *pro se* petition with the solicitude it deserves, we decline to issue a COA for substantially the same reasons as those stated by the district court.

We may, of course, grant a COA only if Mr. Tyler makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). In this case, the district court dismissed some of Mr. Tyler's claims on procedural grounds and some on their merits. In reviewing dismissal on procedural grounds, a COA may issue only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). With regard to those claims dismissed on the merits, we consider whether "reasonable jurists would find the district court's assessment of the Constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (internal quotation omitted).

Mr. Tyler's application fails to meet these standards. With regard to those claims the district court dismissed as procedurally defaulted, no reasonable jurist would debate the correctness of the district court's ruling. And because we affirm the district court's dismissal on default grounds, we have no need to (and do not) consider whether the district court was correct in ruling that certain of these claims were exhausted under Colorado Appellate Rule 51.1. *See* 28 U.S.C.

- 2 -

§ 2254(b)(2). As to Mr. Tyler's remaining claims, each was thoroughly reviewed by the district court on the merits and we can find no instance in which a reasonable jurist would disagree with the district court's assessment of those merits as lacking. Accordingly, Mr. Tyler's application for a COA and his motion for leave to proceed *in forma pauperis* are denied and this appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge